No. 2489

Second Circuit

---

**UNION INDEMNITY CO. v. HARRISON**

---

(February 24, 1927. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest — Automobiles — Par. 4 (b), 8, 9.**

Where the evidence clearly shows that a Ford car entered an intersection before a Cadillac approaching from a cross street, which was going at such speed that it was the cause of the accident, the driver of the Ford car cannot be held liable for damages, even though he was negligent.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Jr., Judge.

Action by Union Indemnity Company against O. D. Harrison.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Barnett & Roberts; J. L. Doran, of Shreveport, attorneys for plaintiff, appellant.

Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendant, appellee.

WEBB, J. This action arises out of a collision between a Ford and a Cadillac automobile which occurred after dark at the intersection of Wilkinson and Creswell streets, which intersect at right angles; and the suit is brought by the plaintiff, Union Indemnity Company, against O. D. Harrison, owner of the Ford automobile, to recover the amount which it paid to have the Cadillac automobile repaired (the Cadillac being protected by insurance written by the plaintiff), and, plaintiff appeals from a judgment rejecting its demands.

The Ford car was being driven east on Wilkinson street, while the Cadillac car was being driven north on Creswell street.

The driver of the Ford car states that as he approached the intersection at a speed of twelve or fifteen miles an hour he observed the traffic on Creswell street and not noticing any vehicle near enough to prevent his passage he went upon the intersection and had reached a point beyond the center when the collision occurred, which he afterwards ascertained was caused by the impact of the cars; while the driver of the Cadillac car states that he approached the intersection at a speed of fifteen or sixteen miles an hour, and while his testimony is not clear as to whether he saw the Ford before it came upon the intersection or at about the time of the collision, we gather that he saw the Ford before it came upon the intersection and that at the time he was of the opinion the Ford was being driven very fast, but his testimony does not indicate what was the relative position of the Cadillac car at that time.

The physical signs indicated the collision occurred to the southeast of the center of the intersection, and that the side of the Cadillac car came in contact

with the front of the Ford in such manner as to turn the Ford over backwards and to cause the Cadillac to swerve to the right or east, passing over the curb at the northeast corner of the intersection and continuing thereafter to move over soft soil for a distance of sixty or seventy feet.

While, of course, neither of the drivers can be presumed to have been negligent, although the collision occurred at about the center of the intersection, and neither, as a matter of law, had the right of way, yet it is very certain that either one or the other, and possibly both, were negligent, and while the evidence, which shows that the driver of the Ford car did not see the Cadillac car and did not know what had struck his car until after the collision, may be said to show that he was not exercising care, it does not show that the driver of the Cadillac was.

If the driver of the Cadillac car saw the Ford car before it came upon the intersection and notes that it was being driven at an excessive rate of speed, and the driver of the Cadillac car was driving at the rate of speed stated by him, prudence should have dictated great care on his part; and if he placed his car on the intersection and in a place of danger, he could not be said to have been without fault; while, on the other hand, if he went upon the intersection without noting the traffic on the intersecting street, he could not be said to have been exercising ordinary care.

However, we think the physical signs showing the collision to have occurred at a point to the southeast of the center of the intersection, and the fact of the Ford car being thrown backwards, and the Cadillac continuing to run for some distance after the impact, shows that the driver of the Cadillac approached the intersection at such speed he was unable to avoid colliding with any object that may have been on the intersection as he entered it; and the evidence failing to show that the driver of the Cadillac car was the first to approach and enter the intersection (but indicating to the contrary), we do not think the plaintiff should recover, although it be conceded that the driver of the Ford car was negligent.

The judgment appealed from is affirmed.