# DE LA VERGNE v. LEVY

---

(May 27, 1929. Opinion and Decree.)

---

Walter M. Barnett, Jr., and Chas. E.

de la Vergne, of New Orleans, attorneys for plaintiff, appellant.

Edward Rightor, Solomon S. Goldman, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This suit results from an automobile collision. Plaintiff was driving down Carondelet Street, a little to the right of the center of the street. Defendant was driving out Bordeaux Street towards the lake and intended to turn into Carondelet Street to go uptown. The two cars met almost in the center of the intersection.

From the nature of the damages sustained by the cars it is evident that the left front of the Levy car collided with the right front of the de la Vergne car. de la Vergne and his witnesses state that they had already crossed the center line of Bordeaux Street, when they were struck by Levy's car, which entered the intersection at a very rapid rate of speed. In other words, they contend that they entered the intersection first and had preempted it.

The fact that it was the front portions of the two cars which came into contact with each other, and the further fact that de la Vergne was able to swerve his car so far to the left that, after the accident, it came to a stop on the upper curve of Bordeaux Street, impels us to believe that his car had not crossed the center line of Bordeaux Street and had not, in fact, preempted the intersection.

There was a high board fence on the upper river corner of the intersection and this obstructed the view of both drivers.

Since the vehicles entered the intersection at so nearly the same instant that neither can be said to have preempted it, it would appear that that one which did

not have the right of way cannot be said to have been free from fault. The right of way was with Levy, since he was approaching from de la Vergne's right, and since the streets were of equal rank.

The traffic ordinance, C. C. No. 7490, art. 1, sec. 7, par. "c," provides:

"On all other streets * * * all vehicles approaching intersecting streets from the left shall give right of way to vehicles approaching from the right."

The testimony leads us to the view that in all probability, de la Vergne was under the mistaken impression, under which so many motorists labor, that Carondelet Street is a right of way street.

At all events, his failure to accord the right of way to the other car was at least a contributing cause to the accident and bars his recovery.

The speed of Levy's car, as indicated by its progress after the accident, was in all probability excessive, but his negligence in this regard cannot render him liable to one who is himself at fault. We believe that the trial court was correct in dismissing this suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the cost of appellant.