CHOPIN v. LEVY ET AL.

(December 16, 1929.   Opinion and Decree.)
(January 13, 1930.   Rehearing   Refused.)

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, attorneys for plaintiff, appellee.

Edward Rightor and Solomon S. Goldman, of New Orleans, attorneys for defendant Bernard C. Levy.

Milner & Porteous, of New Orleans, attorneys for Hugh J. De La Vergne.

JANVIER, J.   Plaintiff, Miss Chopin, was a guest in the automobile owned and operated by defendant De La Vergne, when at about 9:30 o'clock on the night of December 29, 1925, it was in collision at the corner of Carondelet and Bordeaux streets, with an automobile owned and operated by the other defendant, Levy.

The De La Vergne car was proceeding down Carondelet street in the direction of Canal street, and the Levy car was being driven out Bordeaux street towards the lake. The night was dark and misty, and there had been a light rain falling during the late afternoon and early evening, with the result that both streets, which were paved, were wet and slippery.

On the upper riverside corner, which was the corner across which each driver, but for the obstruction, might by

looking have seen the other, there was a board fence some 5 or 6 feet high, which obstructed the view.

Plaintiff charges that both drivers were negligent; De La Vergne in that he failed to reduce his speed as he approached the corner, and Levy in that he failed to stop his car and failed to blow his horn, and in that he attempted to cross Carondelet street at an unreasonable speed.

Since Miss Chopin was a guest in the De La Vergne car, and had nothing to do with its operation, and had no authority over its driver, she cannot as a matter of law, by the negligence of De La Vergne, be deprived of her right to recover from Levy, unless the circumstances were such that she could be charged with independent negligence on her own part. Churchill vs. Texas & Pacific Railroad Company, 151 La. 726, 92 So. 314; Daull vs. New Orleans Railway & Light Company, 147 La. 1012, 86 So. 477.

Of course, had the automobile been proceeding at a grossly excessive rate of speed, or had the driver been manifestly negligent, and had she as a guest on the front seat not protested under those circumstances, it is possible that her own negligence could be said to have contributed to the accident. Leopold vs. Texas & Pacific Ry. Co., 144 La. 1000, 81 So. 602. But such was not the case, as we can find in the record no evidence which would indicate that there was anything she could have done which would have avoided the accident.

So far as Levy is concerned, his counsel, in oral argument, admits that he is liable, contenting himself with the attempt to persuade us that his liability was not the sole cause of the accident, but that De La Vergne, the driver of the other car, was jointly negligent with him, and therefore should be held solidarily liable. As a matter of fact, the physical facts show that Levy's car, after the accident, was found so great a distance from the point where the two cars collided that there results the inevitable conclusion that his car, up to the moment of the collision, was being driven at an excessive rate of speed.

Since the negligence of De La Vergne, if in fact he was negligent, cannot be imputed to Miss Chopin, and since she was not guilty of independent negligence of her own, and since Levy's counsel admits that he was to some extent at fault, the sole remaining question for determination is the negligence vel non of De La Vergne.

As a result of this same accident, De La Vergne sued Levy for damages to his car, and, when that case came before us, we held that De La Vergne could not recover, because he himself was not free from negligence, in that he failed to accord to Levy the right of way to which Levy was entitled under article 1, section 7, paragraph (c) of Ordinance 7490 C. C. Series. De La Vergne vs. Levy, 10 La. App. 768, 123 So. 182.

Counsel for De La Vergne argues that the ordinance was not introduced in evidence in this case so far as his client is concerned, nor was the violation of it pleaded as one of the acts of negligence of his client. In this he is correct. We find, in the petition, no charge that De La Vergne violated the right of way feature of the ordinance, nor do we find the ordinance in evidence so far as the controversy between plaintiff, Miss Chopin, and defendant De La Vergne is concerned.

Counsel for De La Vergne also objects to the attempt to introduce in evidence the record in the other case to which we have referred. We think that counsel was correct in this objection, as other issues

were plainly involved in the other case. For instance, the question of the violation of the ordinance was pleaded in the other case, whereas it was not pleaded here. This in itself would be sufficient to prevent the introduction of that other record in evidence, so far as De La Vergne is concerned.

But we find in this record made up on the trial of this case evidence of physical facts which lead us to the conclusion that De La Vergne was to some extent at fault, and that this fault had causal connection with the resulting accident.

That De La Vergne had not pre-empted the crossing appears probable as a result of the fact that after the impact his car came to rest on the uptown curb of Bordeaux street. If his car had pre-empted the crossing, it must have been at least near the center thereof at the time of the impact, and, if so, in all probability, it would not have completely reversed itself, so as to come to rest on the uptown curb, since, prior to the accident, it had been proceeding in a downtown direction.

Then, again, the attention of De La Vergne does not appear to have been devoted entirely to the operation of his car, as the evidence shows that his wife, who was in the rear of the car, saw the Levy car before he did and called his attention to it.

As to his speed, it is true that the various statements of his passengers fix it at about 20 miles per hour before he slowed up, and at about 12 or 15 miles per hour after he slowed up. This would place it within the statutory limitations, but we doubt if it would bring it within the limits required by safety, considering the unusual weather and atmospheric conditions.

Viewing as a whole that part of the record which is properly before us, we cannot escape the conviction that the negligence of both drivers contributed to the result, and therefore the legal result follows that the liability is solidary, and that the judgment of the trial court was correct.

Nor do we think that the trial court erred in fixing the amount of the damages at $2,000. The young lady's medical bills in themselves amounted to $380, which fact is indicative of rather serious injuries and protracted suffering. She sustained a fracture just above the right elbow, and the injuries to her sacroiliac region made it necessary for her to receive constant medical attention for about four months. Her physician testified that such an injury sometimes does not mend for years. She was unable to work, and sometimes, even up to the time of the trial, several years after the accident, still suffered pain.

The suggestion is made that, but for the fact that defendant De La Vergne is protected by insurance, he, in all probability, would not have been sued by his guest. No doubt this is true, but we are powerless to remedy such a situation. A similar case was brought to our attention in Hamburger vs. Katz, 10 La. App. 215, 120 So. 391, in which case counsel for plaintiff frankly admitted that the suit was filed only because the host, who was the son-in-law of the deceased mother-in-law, was protected by insurance. We see only two remedies. Either the insurance companies must so write their policies as to exempt themselves from obligation to indemnify the car owner in cases of suits by gratuitous passengers, or, if this course would make their policies unattractive, they must prevail upon the lawmakers, as they have done in at least one of the states (Connecticut), to enact legislation relieving

from liability, except for intentional injury, or for injury resulting from extreme recklessness, those who are kind enough to gratuitously transport others. Silver vs. Silver (No. 24, October Term, 1929) 50 S. Ct. 57, 74 L. Ed. _____.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed.