McMAHON v. HALSALL

(November 16, 1931.  Opinion and Decree.)

· Milner & Porteous and W. A. Porteous, Jr., of New Orleans, attorneys for plaintiff, appellee.

Matthew A. Grace and Wm. H. Talbot, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J.  M. J. McMahon sued Wilmot Halsall to recover the sum of $243.30 for property damages alleged to have been sustained by his Buick sedan automobile as a result of a collision with the defendant's Studebaker sedan car on March 23, 1930, about 1 o'clock p. m., at the corner of North Claiborne avenue and St. Anthony street.  The charges of negligence against the driver of the defendant's car are that he was operating his car at an excessive rate of speed; that he failed to stop before entering a right of way street; that he did not accord the right of way to the plaintiff's car, which had almost crossed the intersection; and that he did not keep a proper lookout, due to the fact that he was blind in his left eye.  Defendant denied the alleged charges of negligence, and, in reconvention, claims the sum of $300 for damages to his own car, averring that his car had the right of way,

as it had entered the intersection first, and that plaintiff's car was being operated at an unlawful rate of speed, and, in the alternative, pleaded contributory negligence.

There was judgment in favor of plaintiff, as prayed for, and dismissing the claim in reconvention, and defendant has appealed.

The record shows that the plaintiff's car was being operated by his chauffeur on the river side roadway of North Claiborne avenue, going downtown. This avenue has a neutral ground in the center, with paved roadways on each side, and runs uptown and downtown. It intersects at right angles St. Anthony street, a paved thoroughfare, which runs from the river to the lake. The defendant's car was being operated by his son on St. Anthony street, going in the direction of the lake. In an effort to avoid the collision, the driver of plaintiff's car swerved to his left and attempted to go out St. Anthony street, in the same direction in which the Studebaker car was traveling. The two cars met in collision somewhere past the middle of the intersection, towards the downtown lake corner. The Buick car came to rest about ten feet in St. Anthony street towards the lake, adjacent to the downtown portion of the neutral ground of North Claiborne avenue. The Studebaker car came to rest on the downtown neutral ground of North Claiborne avenue against a telegraph pole, which it had struck squarely with the middle of its front bumper. The photographs introduced in evidence show considerable damage to the right rear side of the Buick car, from the back door to the extreme rear end. There is also some damage to the left front fender and hub cap. The Studebaker car was badly damaged directly in the front, as well as on the left front and the left rear side.

The evidence is conflicting as to the respective speeds of the two cars; the two witnesses for the defendant testifying that the plaintiff's car was going at an excessive rate of speed, and the three witnesses and the driver of the plaintiff's car stating that the defendant's car was going at a very rapid and unlawful rate of speed.

There is no dispute that North Claiborne avenue is a right of way street under the provisions of Traffic Ordinance No. 7490, C. C. S. It is also clear that the defendant's car did not come to a full stop before entering the intersection, as required by the provisions of the ordinance. It appears to us that the Buick entered the intersection before the Studebaker, and therefore the driver of the Studebaker car should have accorded the plaintiff's car the right of way. We have no doubt that the major blow that the Studebaker struck the Buick was in its right rear side, because practically all of the damage is at that point. Goldsby v. Lowrey, 6 La. App. 450.

It is our opinion that the proximate cause of the accident was the negligence of the driver of defendant's car in operating it at an unlawful and excessive rate of speed, in failing to stop before entering a right of way street in disobedience of the traffic ordinance, and in not according plaintiff's car the right of way, which it clearly had, since it was on a right of way street and had entered the intersection first. De La Vergne v. Levy, 10 La. App. 768, 123 So. 182; Hirsch v. Ashford, 5 La. App. 290; Union Indemnity Co. v. Harrison, 6 La. App. 239.

For the reasons assigned, the judgment is affirmed.