# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-743


KENNETH TRAHAN AND
LISA A. TRAHAN

VERSUS

STATE OF LOUISIANA THROUGH THE
DEPARTMENT OF HEALTH AND HOSPITALS


************


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 94-798,
HONORABLE PATRICK MICHOT, DISTRICT JUDGE


************


## MICHAEL G. SULLIVAN
## JUDGE


************


Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*]
Judges.


**AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED FOR FURTHER PROCEEDINGS
IN ACCORDANCE WITH INSTRUCTIONS HEREIN.**

**Colleen McDaniel**
**Assistant Attorney General**
**556 Jefferson Street, Fourth Floor**
**Lafayette, Louisiana 70501**
**(337) 262-1700**
**Counsel for Defendant/Appellee:**
    **State of Louisiana, Department of Health& Hospitals**
    **Louisiana Health Care Authority**
    **University Medical Center**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme
Court as Judge *Pro Tempore*.

**Robert W. Hallack**
**Attorney at Law**
**Post Office Box 77258**
**Baton Rouge, Louisiana  70816**
**(225) 291-4357**
**Counsel for: Plaintiff Appellant**
**Lisa A. Trahan**
**Kenneth Trahan**

**J. Clemille Simon**
**Attorney at Law**
**Post Office Box 52242**
**Lafayette, Louisiana  70505**
**(337) 232-2000**
**Counsel for Plaintiff/Appellant:**
**Kenneth Trahan**
**Lisa A. Trahan**

SULLIVAN, Judge.

Kenneth and Lisa Trahan appeal various discovery rulings made by the trial court and the dismissal of their claims against the State of Louisiana, through the Department of Health and Hospitals (the State), for failure to comply with court-ordered discovery. We affirm in part, reverse in part, and remand for further proceedings.

## *Facts*

On February 23, 1993, while employed by Incendere, Inc., a waste management service specializing in medical waste management, Kenneth Trahan was injured when he opened the door of a trailer transporting boxes of medical waste and one of the boxes fell on him. The medical waste was owned and loaded in the trailer by University Medical Center (UMC).[1] Kenneth and his wife, Lisa, filed suit against the State of Louisiana, alleging that Kenneth's injuries occurred as a result of the negligence of the UMC employees who improperly loaded the medical waste. Kenneth and Lisa separated in December 1995 and were thereafter divorced. Lisa moved from Louisiana and currently resides in Virginia.

Initially, this matter was vigorously litigated. A motion for summary judgment was granted in favor of the State; then the pace of the litigation slowed. The grant of summary judgment was reversed on appeal in 1995. However, activity in the matter did not increase until June 2001 when new counsel enrolled on behalf of the Trahans and responded to interrogatories and requests for production propounded by the State in 1994. Shortly thereafter, the State noticed the depositions of the Trahans. It then filed a motion to dismiss for failure to prosecute, pursuant to La.Code Civ.P. art. 561, which was denied.

---

[1]UMC is operated by the Department of Health and Hospitals.

On May 15, 2002, the State deposed Kenneth. That same day, the State began deposing Lisa, who appeared by telephone, but terminated the deposition when Lisa testified that she would come to Louisiana to be deposed. Thereafter, a number of discovery issues were presented to the trial court for determination. Ultimately, by judgment dated March 26, 2004, the trial court dismissed the Trahans' claims because they failed to comply with the trial court's order which directed them to answer the 1994 interrogatories and requests for production "fully, under oath, and in writing on or before January 7, 2004" and which directed Lisa to "submit in person to a deposition . . . in this Parish and State by February 6, 2004."

The Trahans assign six errors: five arise out of discovery rulings made by the trial court and the last arises out of the dismissal of the their claims.

## *Standard of Review*

Trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery. *Moak v. Ill. Cent. R.R. Co.*, 93-783 (La. 1/14/94), 631 So.2d 401; *Ward v. Tenneco Oil Co.*, 564 So.2d 814 (La.App. 3 Cir. 1990). Such discretion will not be disturbed on appeal absent a clear showing of abuse. *Moak*, 631 So.2d 401.

## *Dismissal for Failure to Comply with Discovery*

We first consider whether the dismissal of the Trahans' claims for failure to respond to court-ordered discovery was error. Pursuant to La.Code Civ.P. art. 1471, a trial court can impose sanctions for a litigant's failure to respond to discovery. It provides in part:

> If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the

2

action is pending may make such orders in regard to the failure as are just, and among others the following:

(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

. . . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In *Horton v. McCrary*, 93-2315 (La. 4/11/94), 635 So.2d 199, the supreme court addressed the propriety of the dismissal of a plaintiff's claims for failure to comply with discovery, observing that "[t]here is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery" and that "[t]rial judges must have severe sanctions available to deter litigants from flouting discovery orders." *Id.* at 203. The court further noted that dismissal is a "draconian" penalty which should only be applied in "extreme circumstances." *Id.*

3

Comparing the Louisiana rule for sanctioning a party who fails to comply with discovery with the Federal rule, the *Horton* court identified four factors appellate courts should consider when determining whether a trial court's dismissal of a plaintiff's claims is an abuse of discretion:

(1) whether the violation was willful or resulted from inability to comply;

(2) whether less drastic sanctions would be effective;

(3) whether the violations prejudiced the opposing party's trial preparation; and

(4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

*Id*. The court further observed that "[t]he record must support 'a finding that the failure was due to . . . wilfulness, bad faith, or fault'" before dismissal of a plaintiff's claims is appropriate. *Id. quoting Allen v. Smith*, 390 So.2d 1300, 1302 (La.1980).

In *In re Wiley*, 03-793 (La.App. 3 Cir. 12/23/03), 862 So.2d 1243, this court determined that without sworn testimony no assessment of these factors could be made. Here, as in *Wiley*, only counsels' arguments are available for us to consider. Without evidence concerning these factors, we cannot determine whether the trial court's dismissal of the Trahans' claims was error. Accordingly, the judgment of dismissal is vacated, and the matter is remanded for an evidentiary hearing in accordance with *Horton*, 635 So.2d 199, and *Allen*, 390 So.2d 1300.

### Termination of Lisa Trahan's Deposition

Shortly after new counsel enrolled for the Trahans, the State noticed their depositions. Two days prior to the scheduled deposition, the Trahans' attorney notified counsel for the State that Lisa would not appear in person for her deposition but would be available by telephone. On the date of the scheduled deposition,

4

counsel for the State began the deposition and questioned Lisa but terminated the deposition after Lisa testified that she could appear in Louisiana for her deposition. The Trahans' attorney then began questioning Lisa. Counsel for the State objected to continuing the deposition. The trial judge was contacted, and after a conference, the trial judge ordered that the deposition be terminated.

This issue was previously addressed pursuant to an application for writs filed by the Trahans with this court. No error was found with the trial court's termination of Lisa's deposition. *See Trahan v. State of Louisiana,* 02-626 (La. 3 Cir. 6/3/02), an unpublished opinion. Lisa again urges that the trial court erred in terminating her telephone deposition. Relying on La.Code Civ.P. art. 1444, she argues that without evidence that the questioning was in "bad faith" or was in an "unreasonable manner," termination of the deposition was error.

As this issue has been previously considered by this court, application of the "law of the case" doctrine must be considered. This doctrine applies to prior rulings of the appellate court and/or supreme court in the same case. It applies to parties who were involved in the litigation at the time of the prior ruling and had their day in court. The doctrine provides that "an appellate court ordinarily will not reconsider its own rulings of law in the same case." *Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701, 705 (La.App. 1 Cir.), *writs denied*, 605 So.2d 1099, 1100 (La.1992). The purposes of the doctrine are to avoid litigating the same issue again, promote consistency of result within the case, promote essential fairness to the parties, and judicial efficiency. *Cree Oil Co. v. Home Ins. Co.*, 94-1219 (La.App. 3 Cir. 3/8/95), 653 So.2d 620, *writ denied*, 95-1554 (La. 9/29/95), 660 So.2d 875. Application of the doctrine is discretionary and is inapplicable to cases in which the prior decision

5

was palpably erroneous or its application would result in manifest injustice. *Willett v. Premier Bank*, 97-187 (La.App. 3 Cir. 6/4/97), 696 So.2d 196.

Lisa testified that she was willing to attend a deposition in Louisiana. Additionally, her argument does not address the fact that the State was not notified until just days before her scheduled deposition that she would not be present for the deposition but would be available by telephone for her deposition. We find no error with the trial court's termination of her deposition and will not reconsider our prior decision.

### The State's Failure to Comply with Uniform Local Rule 10.1

Local Rule 10.1 of the Uniforms Rules for the Courts of Appeal requires that any party filing a discovery motion first attempt to arrange a conference with the opposing party to try to amicably resolve the discovery dispute and that a discovery motion must include a certificate stating that the parties conferred and why they were unable to agree or that opposing counsel refused to confer after reasonable notice. In August 2003, counsel for the State contacted the Trahans' attorney by telephone to discuss various pending discovery issues and, during that conversation, notified him that she considered the conversation to be a Rule 10.1 conference. The Trahans filed a motion to dismiss the motion to compel for failure to comply with Local Rule 10.1, arguing that, because counsel for the State did not notify their attorney prior to the telephone conference that she intended it to serve as a Rule 10.1 conference and the required certificate was not attached to the motion to compel, the motion did not satisfy the requirements of Rule 10.1 and should not be considered by the trial court. After conducting a hearing on all of the pending motions, the trial court determined that the telephone conversation satisfied the requirements of Rule 10.1.

6

"Local rules of court are intended solely to aid in the orderly and efficient conduct of litigation and are not to be construed so literally as to defeat their intended purpose. . . . the trial court has great discretion in the construction, interpretation, application or enforcement of its own rules." *Miller v. Miller,* 35,934 (La.App. 2 Cir. 5/8/02), 817 So.2d 1166, 1172, *writ denied*, 02-1890 (La. 10/25/02), 827 So.2d 1154 (citation omitted). We find no error in the trial court's consideration of the motion to compel.

### *Exception of Vagueness*

In its motion to compel, the State asserted that the Trahans' responses to discovery were "not only incomplete but false." The State did not specify how the responses were deficient but referenced its prior motion to dismiss, stating its "objections to the discovery were set forth in its Motion to Dismiss for Failure to Prosecute filed May 2, 2002, and supporting memorandum." The Trahans filed an exception of vagueness[2] in response to the motion to compel, asserting that the allegations contained therein were vague.

The State had alleged in its motion to dismiss that the Trahans' responses "do not contain materials older than 1993 and 1994" and "were not sworn to by KENNETH or LISA TRAHAN 'under oath' as required by La. C.C.P. Art. 1458." In its Reasons for Ruling on the motion to compel, the trial court found the "adequacy

---

[2]Pursuant to La.Code Civ.P. art. 926, an exception of vagueness is a dilatory exception filed in response to a petition to compel the plaintiff to amplify and define his claims to allow the defendant to adequately prepare his defense. *Snoddy v. City of Marksville*, 97-327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890. Therefore, filing an exception of vagueness in response to a motion to compel is technically incorrect. However, a pleading is to be treated based on the allegations therein, not the title. *See Smith v. Williams*, (La.App. 2 Cir. 1988), 535 So.2d 959. Accordingly, we address the Trahans' allegations regarding the State's failure to specify what was incomplete or false in their discovery responses.

7

of the plaintiffs' discovery responses was previously briefed in the motion to dismiss for failure to prosecute."

There is no information in either the motion to dismiss or the motion to compel as to what the State contends is false. However, Kenneth testified in his deposition that at least one of the answers to interrogatories prepared by his attorney was "incorrect" and "false." Having been in attendance at that deposition, counsel for the Trahans was aware that at least one response to the propounded discovery was indeed false. We find no error with the trial court's refusal to grant the exception of vagueness.

### *Discovery Responses*

In its motion to compel, the State also asserted that the Trahans' responses to its discovery were not "full and complete." In addition to referring to its previously filed motion to dismiss for failure to prosecute, the State also stated in its motion to compel that "the Plaintiffs had neither been aware of the discovery nor had they participated in answering it." The State did not specify why the responses provided by the Trahans were not "full and complete." As previously noted, the State had indicated in its motion to dismiss for failure to prosecute that the responses were insufficient because the answers provided at the time the motion to compel was filed did not contain materials older than 1993 or 1994 and were not sworn to by the Trahans.

A review of the Trahans' answers to their interrogatories and the record reveals that their attorney initially answered the interrogatories at a time when he had not met or been in contact with either of them. The Trahans' depositions also reveal that some of the answers provided were not correct at the time that their attorney answered

8

the interrogatories. In August 2003, the Trahans *supplemented* their original answers under oath but did not answer each interrogatory.

The State wants the Trahans to respond to its discovery requests as though their attorney had never responded on their behalf. The trial court ordered them to do so. Under these circumstances, we do not find the trial court's order an abuse of discretion.

### *Lisa Trahan's Appearance for Deposition in Louisiana*

In its motion to compel, the State also requested that the trial court order Lisa to appear in Louisiana for her deposition. The trial court granted the request and ordered Lisa to appear for her deposition before February 6, 2004 "or face dismissal of her claim with prejudice at her cost." Lisa sought a protective order which would require the State to pay her travel expenses. She argued that it would be a hardship for her to travel to Louisiana for her deposition because she is a pauper, lives in Newport News, Virginia, and is the single parent of a young child who would need supervision during her absence. She further argued that her potential for recovery is extremely limited as she and Kenneth Trahan separated shortly after his injury. This ruling of the trial court was also the subject of a writ application to this court which was denied. *See Trahan v. UMC*, 04-201 (La.App. 3 Cir. 2/7/04), an unpublished opinion.

In light of our remand of this matter, Lisa will need to travel to Lafayette for the evidentiary hearing on whether the trial court properly dismissed her and Kenneth's claims; the State will be able to depose her at that time. Accordingly, we need not consider this issue.

### *Disposition*

All of the trial court's rulings issued in conjunction with discovery motions are affirmed. The trial court's judgment of dismissal is vacated, and this matter is remanded for proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH INSTRUCTIONS HEREIN.**