# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-540


DEMOND THIBODEAUX

VERSUS

CIRCLE K STORES, INC.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20185929
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.


**AFFIRMED.**

**Bart Bernard**
**Meagan Smith**
**Bart Bernard Personal Injury**
**1031 Camellia Blvd.**
**Lafayette, LA 70508**
**(337) 298-2278**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Demond Thibodeaux**

**D. Scott Rainwater**
**J. David Harpole**
**Taylor, Wellons, Politz & Duhe, APLC**
**4041 Essen Lane, Suite 500**
**Baton Rouge, LA 70809**
**(225) 387-9888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Circle K Stores, Inc.**

**GREMILLION, Judge.**

The plaintiff/appellant, Demond Thibodeaux, appeals the trial court's grant of summary judgment in favor of the defendant/appellee, Circle K Stores, Inc. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2018, Thibodeaux slipped and fell at a Lafayette Circle K on an approximately 3-to-3 1/2-foot-long piece of plastic that had multiple price tags in it which would normally be clipped on a metal display shelf. At the time of the fall, the Circle K employee who was working was Kievontre Williams. Williams had arrived for his shift about thirty minutes before Thibodeaux's fall. The departing employee whose shift had ended was Cass Jones. Thibodeaux filed suit against Circle K on September 24, 2018. Circle K filed a motion for summary judgment on the issue of liability on January 9, 2020. Following a June 1, 2020 hearing, the trial court granted summary judgment in favor of Circle K finding that Thibodeaux could not meet his burden under La.R.S. 9:2800.6. Thibodeaux timely appealed.

Although Thibodeaux's brief fails to set forth an assignment of error, it is clear that Thibodeaux believes the trial court erred in granting summary judgment in favor of Circle K.

## DISCUSSION

The law pertaining to summary judgment was discussed by the Louisiana Supreme Court in its per curiam opinion in *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (alteration in original):

> We review a district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence

or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

"[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p.27 (La. 7/5/94), 639 So.2d 730,751, (quoting *South Louisiana Bank v. Williams,* 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writs denied*, 596 So.2d 211 (La.1992)(alteration in original). A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/19/03), 853 So.2d 645.

In a slip-and-fall case, a plaintiff must prove all elements of a negligence action (duty, breach, cause in fact, and damages), plus meet the requirements of La.R.S. 9:2800.6:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

2

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

Thus, Thibodeaux must prove that Circle K 1) created an unreasonable risk of harm, 2) created the condition or had actual or constructive notice of it, and, 3) failed to exercise reasonable care. Thibodeaux argues that there is a genuine issue of material fact whether Jones either disregarded the price tag holder in her cleaning or maybe even knocked it down, thus a Circle K employee knew it was on the ground.[1] Thibodeaux claims that he has not had a chance to conduct adequate discovery by deposing Jones.[2]

The trial court granted summary judgment for two reasons:  it found that Thibodeaux could not meet his burden of proving that Circle K had actual or

---

[1] Jones is the Circle K employee who clocked out upon Williams's arrival. According to Williams, she mopped the store shortly before her departure.

[2] We note that at the summary judgment hearing and now, on appeal, Thibodeaux claims that he has not conducted adequate discovery and wants to depose Jones.  This suit was filed in September 2018 and plaintiff has had an excessively long time to conduct discovery of the employee whose shift ended when Williams's began.

constructive notice of the plastic strip on the floor and, second, that he could not prove that an unreasonably dangerous condition existed because a 3-to-3 1/2-foot-long piece of plastic with price tag stickers in it is "open and obvious" to any reasonable person who encounters it.

As we have noted previously, a plaintiff in a slip-and-fall case does bear a difficult burden. *Morrison v. Brookshire Grocery Co, Inc.*, 08-16 (La.App. 3 Cir. 5/14/08) (unpublished opinion). While circumstantial evidence can be offered to prove that a certain condition existed in a store for a period of time, speculation and conclusory accusations are insufficient. *Id.*

> A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant provide the condition existed for some time period prior to the fall.

*White v. Wal-Mart Stores, Inc.*, 97-393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084-85.

Thibodeaux has provided no evidence whatsoever that Circle K knew the price tag strip was on the floor or that the price tag strip was on the floor for a sufficient period of time that Circle K should have had constructive notice of it. On the contrary, the testimony of Williams is that he inspected the store by "walking the aisles" within the thirty minutes prior to Thibodeaux's arrival. He also testified that he could see down the candy aisle from various vantage points in the store. An unsupported accusation that Jones may have knocked the strip off while mopping is simply insufficient to meet the burden of La.R.S. 9:2800.6. The mere existence of the price tag strip on the floor of the Circle K is not sufficient to meet the notice requirement of La.R.S. 9:2800.6. The burden remains with the plaintiff to prove existence of the item on the floor for some time period. The argument that if

4

Williams did not see anything then he must have been unreasonable in his actions fails.

> [D]efendant need not come forward with positive evidence of the absence of the spill. Such would require the defendant to prove a negative and is not within the clear and unambiguous language of the statute. Furthermore, the lack of evidence showing the non-existence of the spill is not evidence of the existence of the spill, but merely the absence of evidence. Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence cannot support the claimant's cause of action. Rather, the absence of evidence is fatal to the claimant's cause of action.
>
> The statute is clear. To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence.

*White*, 699 So.2d at 1086.

Moreover, even if Thibodeaux had any evidence that the strip had been on the floor for some period of time, we agree with the trial court that the nature of this item was open and obvious and, therefore, not unreasonably dangerous. A trial court can determine whether a condition is "open and obvious" in a summary judgment motion. *Minix v. Pilot Travel Centers, LLC,* 18-1197 (La.App. 1 Cir. 5/31/19), 277 So.3d 810, *writ denied*, 19-1074 (La. 10/08/19), 280 So.3d 149. Summary judgment is appropriately granted when there is no genuine issue that the condition did not present an unreasonable risk of harm. *Perrin v. Ochsner Baptist Med. Ctr., LLC,* 19-265 (La.App. 4 Cir. 8/7/19), __ So.3d __, *writ denied*, 19-1557 (La. 11/25/19), 283 So.3d 495. Thibodeaux's own deposition testimony relating to the surveillance video established that he had traversed the candy aisle at least three times successfully without tripping over the plastic strip. An ordinary reasonable person should have easily avoided the 3-to-3 1/2-foot strip adorned with four-to-five price

5

tags. Accordingly, there is no genuine issue of fact that Thibodeaux will be unable to meet his burden of proof at trial.

## CONCLUSION

Thibodeaux has failed to show he will be able to meet his burden of proving that the strip presented an unreasonable risk of harm or that Circle K had notice of its existence. Accordingly, we affirm the trial court's grant of summary judgment in favor of Circle K Stores, Inc. All costs of this appeal are assessed against the plaintiff/appellee, Demond Thibodeaux.

**AFFIRMED.**