# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-473

**ASHLEY NICOLE MATT HOFFPAUIR**

**VERSUS**

**DANIEL WAYNE HOFFPAUIR**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-5148
HONORABLE W. MITCHELL REDD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Jonathan W. Perry, Judges.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; REVERSED; AND REMANDED.**

**Frank Granger**
**1135 Lakeshore Drive, 6th Floor**
**Lake Charles, LA 70601**
**(337) 439-2732**
**COUNSEL FOR PLAINTIFF- APPELLANT:**
     Ashley Nicole Matt Hoffpauir

**Brad Guillory**
**Erin F. Hargrave**
**Christopher S. Hargrave**
**Lawrence Sean Corcoran**
**Guillory Hargrave & LaCombe, LLC**
**940 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-5297**
**COUNSEL FOR DEFENDANT- APPELLEE:**
    **Daniel Wayne Hoffpauir**

**PICKETT, Judge.**

The mother of two children appeals the trial court's denial of her motion for new trial in which she urged she did not receive adequate notice that a motion to modify custody filed by her husband/father of her children would be tried the same day as his motion for divorce pursuant to La.Civ.Code art. 103. For the following reasons, we reverse the trial court's judgment granting sole custody to the father and remand the matter to the trial court for a new trial.

## FACTS AND PROCEDURAL HISTORY

On December 6, 2018, Ashley Hoffpauir filed suit against Daniel Hoffpauir, seeking a divorce pursuant to La.Civ.Code art. 102, joint custody of their two children with her being designated the domiciliary parent, child support, interim spousal support, and other incidentals. Daniel answered Ashley's petition and asserted a reconventional demand seeking a divorce pursuant to La.Civ.Code art. 102, joint custody of the children with him being the domiciliary parent, and use of the family home. The parties sought reciprocal injunctions against the other. On February 5, 2019, the parties entered into a consent judgment which addressed custody, child support, interim spousal support, termination of the community, use of the family home and vehicles, reciprocal injunctions regarding harassment and property, and termination of the community.

Daniel filed a supplemental and amending petition on September 5, 2019, in which he sought a divorce pursuant to La.Civ.Code art. 103(1)(a), based on the parties living separate and apart in excess of 365 days without reconciliation. Approximately one month later, Ashley filed a rule to obtain a temporary

restraining order against Daniel, asserting he was disturbing, harassing, threatening and/or bothering her, as well as a permanent injunction after a hearing.

On December 13, 2019, Daniel filed a rule to modify custody and child support, for an injunction, and an order for mental health and anger management (rule to modify custody, etc.) in which he asserted Ashley had recently been acting erratically and physically abused him in the presence of their children. He outlined events that occurred on two different occasions, but asserted she had engaged in such behavior in the presence of the children on other occasions. He had the trial court sign an order setting a hearing on his rule for December 30, 2019. Three days later, he filed a motion to set a trial date on his petition for divorce, which was set for April 30, 2020.

On December 30, 2019, the parties attended the hearing officer conference and entered into a consent judgment which granted reciprocal restraining orders enjoining each party from abusing, harassing, or interfering with each other, contacting each other except with regard to the children, and prohibiting each from going to the other party's place of employment and residence.

Due to COVID-19 restrictions, the trial on Daniel's rule for divorce did not occur as scheduled. On May 13, 2020, the trial court issued a pretrial order and trial notice setting a pretrial conference for August 11, 2020, and a trial on the merits for August 24, 2020. That same day, Ashley's attorney prepared a letter to her, stating because he had been unable to contact her and had not received payment for his services, he was withdrawing from her case and closing his file. In his letter, the attorney noted he had attached a copy of his motion to withdraw he filed. He also advised Ashley that if her divorce was not finalized by a certain date, the action would prescribe and all prior judgments could be voided and she

2

may need to protect her interest in any community property that existed with a community property settlement. On June 25, Ashley's attorney filed his motion and order to withdraw asserting that legal conflicts had developed between them. Counsel attached an affidavit and a copy of his letter to Ashley to the motion and order. In his motion to withdraw and affidavit, counsel stated he informed Ashley of "the pending trial date of August 24, 2020 at 9:00 a.m. by mailing a letter to her last known address." The trial court signed the order allowing counsel to withdraw.

The pretrial conference set for August 11, 2020, did not occur. On August 24, 2020, Daniel appeared in court and presented evidence to obtain his divorce. The trial court then addressed other matters on the docket but came back and allowed Daniel to proceed with his rule to modify custody, etc. Counsel for Daniel had Ashley's name sounded outside the courtroom. Ashley did not appear, and the trial court allowed Daniel to proceed with his rule to modify custody, etc. Before proceeding, counsel had the trial court's clerk confirm Ashley's former attorney had been served with the motion before filing his motion to withdraw. Daniel presented his case, during which he introduced evidence to show that Ashley had violated the Post-Separation Family Violence Relief Act, La.R.S. 9:361-369. After Daniel rested, the trial court concluded Ashley had perpetrated two acts of family violence against Daniel as defined by La.R.S. 9:364(A) and awarded Daniel sole custody of the children, amended Daniel's child support and interim spousal support obligations, enjoined Ashley from engaging in certain behavior as to Daniel, and ordered her to submit to a domestic violence assessment.

Ashley was served with the judgment on October 1, 2020, and filed a motion for new trial on October 7, 2020. In her motion for new trial, Ashley asserted she

was unaware of the August 24 trial date and did not attend the trial due to Hurricane Laura. Daniel answered Ashley's motion, urging her claim that she was unaware of the August 24, 2020 trial date was false and seeking an award of sanctions for having to defend the motion. Thereafter, Ashley filed a motion to annul the judgment and an amending and supplemental motion for new trial, alleging additional grounds in support of a new trial. Lastly, Daniel filed a motion to dismiss Ashley's amending and supplemental motion for new trial. The trial court conducted a hearing on March 29, 2021, after which it granted judgment denying all the motions filed by the parties. Ashley appealed.

## ASSIGNMENTS OF ERROR

Ashley argues the trial court committed the following errors which warrant reversal of the trial court's judgment:

(1) The trial court committed legal error by conducting a trial on custody, child support, and related issues against an unrepresented party without proof of unequivocal notice of trial. It committed manifest error by denying appellant's motion for new trial and amending and supplemental motion for new trial. This failure denied procedural due process and fundamental fairness to appellant.

(2) The trial court committed manifest legal error by allowing counsel to withdraw ex parte in violation of La.Dist.Ct.R. 9.13 after the issuance of trial notice unless unequivocal notice of the trial date is given to the unrepresented party.

(3) The trial court committed manifest error by ruling on the issue of child custody/support/evaluations at the August 24, 2020 trial when those issues were not properly before the court for trial.

(4) The trial court committed manifest error by granting sole custody to the father when that relief was never pled which denied substantive due process to plaintiff.

(5) The father did not prove a history of violence under the Post Separation Family Violence Relief Act to justify an award of sole custody. This issue was not properly before the court and granting relief on those issues constituted manifest error.

4

## DISCUSSION

### *Standard of Review*

A trial court has discretion when granting a motion for new trial, and its judgment will not be reversed on appeal absent a clear abuse of that discretion. *Davis v. Coregis Ins. Co.*, 00-475 (La.App. 3 Cir. 12/27/00), 789 So.2d 7, *writ denied*, 01-292 (La. 3/30/01), 788 So.2d 1192. A judgment denying a motion for new trial is an interlocutory judgment. *McClure v. City of Pineville*, 05-1460 (La.App. 3 Cir. 12/6/06), 944 So.2d 805, *writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446.

Louisiana Code of Civil Procedure Article 2083(C) governs the appealability of interlocutory judgments; it states: "An interlocutory judgment is appealable only when expressly provided for by law." The proper procedural vehicle to contest an interlocutory judgment that is not immediately appealable is an application for supervisory writ. *See* La.Code Civ.P. art. 2201. Nonetheless, appellate courts have the authority to exercise supervisory jurisdiction if the appellant filed a motion for appeal within the thirty-day time period provided for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4–3. *Duckering v. Rapides Healthcare Sys.*, 15-1049 (La.App. 3 Cir. 3/2/16), 187 So.3d 548. Accordingly, in the interest of justice, we treat Ashley's appeal of this interlocutory judgment as an application for supervisory writ. *Rain CII Carbon, LLC v. Turner Industr. Grp., LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. *See also* La.Code Civ.P. art. 2164 which provides "appellate court[s] shall render any judgment which is just, legal, and proper upon the record on appeal."

5

*Motion for New Trial*

Ashley filed an amended motion for new trial in which she clarified that she was aware of the August 24, 2020 trial date but believed only Daniel's claim for divorce would be tried. Ashley supported her position with the testimony of Todd Melton, an attorney who practices family law in the Fourteenth Judicial District. Mr. Melton testified Ashley consulted him on August 5, 2020, to determine what issues would be tried on August 24. Mr. Melton testified that during his consultation with Ashley, he reviewed the records of the Fourteenth Judicial Clerk of Court and concluded the only matter set for trial on August 24 "should just be divorce." Mr. Melton outlined the bases for his conclusion: (1) Daniel's rule to modify custody, etc. was initially set for hearing on December 30, 2019; (2) a hearing officer conference was held that day, but the only issue addressed was a restraining order; (3) no hearing officer conference was held regarding custody and the other issues raised in Daniel's rule before the August 24 trial; and (4) in his experience, a proceeding for change of custody must begin with a hearing officer conference in accordance with the Local Rules of the Fourteenth Judicial District Family Court[1] or the issue cannot be tried.

During the trial on her motions, Ashley acknowledged she had notice of the August 24 trial but testified she believed only Daniel's claim for divorce would be tried at that time. She asserts she did not receive sufficient notice that custody and other ancillary matters would be tried at that time. Ashley urges that as an

---

[1] Rule 32(A) of the Fourteenth Judicial District Court's Local Rules provides, in pertinent part, "All rules to show cause shall be set for a Hearing Officer Conference before the Hearing Officer." Rule 32(A) also provides ten exceptions to this requirement which include "(4) Rules for divorce" and "(10) Any other rules and/or motions deemed appropriate by the Court."

unrepresented party, she was required to be provided unequivocal notice of what issues were to be tried at the August 24, 2020 trial.

Daniel countered Ashley's claims testifying he informed Ashley the divorce was not the only matter to be tried at the trial during an exchange of text messages prior to the trial. Daniel testified when Ashley informed him she did not intend to appear at the trial because the only issue to be addressed was his rule for divorce, he refuted her claim the divorce was the only issue to be tried. Daniel supported his testimony with copies of the text messages he and Ashley exchanged on August 12, 2020, in which Ashley stated, "found out court . . . is divorce only," to which he responded, "It's not divorce only." Ashley stated, "Attorney just told me it was D[ivorce] only" to which Daniel reiterated, "It's not just divorce FYI."

Ashley argues she did not receive unequivocal notice from her attorney of the August trial date pointing out that her former attorney and the trial court did not abide by La.Dist.Ct.R. 9.13,[2] which requires the trial court to conduct a contradictory hearing before allowing an attorney to withdraw when a trial has been set, unless certain criteria are met. Rule 9.13(d)-(e) allows for an attorney to withdraw ex parte from representing a client in five instances: (1) the attorney has been terminated by the client or (2) secured the written consent of the client and of all parties or their respective counsel; (3) the attorney was engaged for a limited appearance which has been completed; (4) the case has concluded; or (5) if no hearing or trial is scheduled. Otherwise, a contradictory hearing must be conducted and the attorney must show that he has good cause for withdrawing

---

[2] Comment (b) to Rule 1 of the Louisiana District Court Rules titled "Construction of Rules and Appendices" provides, in pertinent part: "The Appendices are subordinate to the Rules. Therefore, a conflict between a Rule and an Appendix should be resolved by following the Rule." The Appendices contain the Rules adopted by each judicial district for their court(s).

before being allowed to withdraw. La.Dist.Ct.R. 9.13(f). The trial court allowed Ashley's attorney to withdraw on his ex parte motion without establishing he satisfied one of these criteria. Moreover, counsel did not introduce evidence showing that Ashley received his letter and motion to withdraw which notified her of the trial date. Ashley admitted she had notice of the August 24, 2020 trial date but complains she was not informed what issue or issues would be tried on that date. Therefore, we will consider whether the notice provided to Ashley was adequate.

In *LeBlanc v. Elam*, 18-552 (La.App. 1 Cir. 11/2/18), 266 So.3d 935, the court concluded a trial court failed to provide adequate notice to the parties concerning the nature of a hearing held on an exception of prescription when it ruled an ex-wife was not entitled to partition retirement benefits owed to her ex-husband as a result of his employment during their marriage. The court determined the trial court actually addressed the merits of the ex-wife's claim for partition of retirement benefits which is imprescriptible, La.Civ.Code art. 817, because the notice issued to the parties was for a hearing on the ex-husband's exception of prescription, not the merits of the wife's claim. *See also Spiers v. Roye*, 04-2189 (La.App. 1 Cir. 8/8/07), 965 So.2d 489 (holding trial courts have an affirmative duty of ensuring and verifying that unrepresented parties receive adequate notice of trial).

"Adequate notice is one of the most elementary requirements of procedural due process; it is fundamental to our system of laws that there be notice prior to trial, except in extraordinary cases, such as executory process." *Smith v. LeBlanc*, 06-41, p. 12 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 76. In *LCR-M Ltd. Partnership v. Jim Hotard Properties, L.L.C.*, 13-483 (La.App. 4 Cir. 10/9/13), 126

8

So.3d 668, the court addressed the importance of procedural due process in the context of a defendant's failure to receive notice of a trial that was held in his absence, which resulted in a judgment being rendered against him, and the subsequent denial of his motion for new trial. The court began with the importance of a party having adequate notice of a trial before the trial, observing it is "one of the most elementary" and "fundamental requirements of procedural due process." *Id*. at pp. 672-73. The court continued, finding "'an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, *under all the circumstances*, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 673 (emphasis added) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550; 85 S.Ct. 1187, 1190 (1965)). Acknowledging questions often arise as "to the adequacy of a particular form of notice in a particular case," the court concluded "meaningful notice of trial" is "essential." *Id*.

When ruling on Ashley's motions, the trial court discerned:

> The motion to modify custody, which was ruled on August 24th, 2020, was filed several months prior to the withdrawal of Mr. Fuerst. It was filed December 13th, 2019, and was placed before the Court on August 24th, 2020. There was argument related to that. However, the Court notes it's common that issues are joined when trial's already set for judicial efficiency despite the local rules. That's not an unusual procedural mechanism.

Continuing, the trial court noted, "One of the factors involved in this case is the fact that Ms. Hoffpauir, prior to the date, had texted Mr. Hoffpauir about the issues before the Court, and although he was not specific about what was before the Court, he was specific that it was not just the divorce." Thereafter, the trial court concluded:

9

Ms. Hoffpauir had notice of the trial, that all issues regarding custody were before the Court on the set trial date, that there was no fraud or ill practice that kept her from attending or participating in the trial, and that the judgment rendered was not contrary to law and evidence presented at trial.

In light of these facts and the applicable law, we must determine whether the notice of the August 24, 2020 trial date Ashley had before the trial was adequate and provided her with meaningful notice of the trial held that day. The record establishes that after receiving the notice of trial Ashley understood: (1) the importance of the notice; (2) divorce was not the only issue pending in the litigation; and (3) to protect her interests, she needed to know what matters would be tried at the August 24, 2020 trial. Before deciding not to attend the trial, Ashley sought advice from a local attorney who practices family law in the trial court and acted on his advice.

In rejecting Ashley's assertion that she did not receive adequate notice of the trial, the trial court acknowledged the court's rules require a hearing officer conference be held before a rule to show cause filed in family law proceedings can be tried to a judge, yet determined an unrepresented layperson should know the court does not always strictly enforce its own rules. Daniel argues the trial court acted within its discretion when deviating from its local rules.

"Local rules of court are intended solely to aid in the orderly and efficient conduct of litigation and are not to be construed so literally as to defeat their intended purpose. Moreover, the trial court has great discretion in the construction, interpretation, application or enforcement of its own rules." *Miller v. Miller*, 35,934, pp. 8-9 (La.App. 2 Cir. 5/8/02), 817 So.2d 1166, 1172 (citation omitted), *writ denied,* 02-1890 (La. 10/25/02), 827 So.2d 1154. This court has also recognized, "it is within the trial court's discretion to dispense with the strict

10

application of local rules when they are unnecessary to the resolution of a dispute."
*Collins v. Collins*, 12-726, p. 5 (La.App. 3 Cir. 12/5/12), 104 So.3d 771, 775. Rule
1.4 of the Rules for Louisiana District Courts, Family Courts, and Juvenile Courts
also allows for deviations from the local rules "in the interest of justice and upon
notice to all parties." No notice of the trial court's deviation from the local rules
was given here.

Furthermore, a trial court's discretion to deviate from the local rules is not
unlimited. When determining whether a trial court abused its discretion in waiving
its rules, courts have considered whether a party was prejudiced by the waiver.
*Trahan v. State ex rel. Dep't of Health & Hosp.*, 04-743 (La.App. 3 Cir. 11/10/04),
886 So.2d 1245; *L & A Contracting Co. v. Mabry*, 27,791 (La.App. 2 Cir. 1/24/96),
666 So.2d 1295; *Laprarie v. King*, 575 So.2d 921 (La.App. 2 Cir.), *writ denied*,
578 So.2d 140 (La.1991).

As a result of the trial court's deviation from its local rules, Daniel was not
only allowed to try his rule to modify custody, etc. at the August 24 trial without
Ashley having notice, he was allowed to amend his rule to modify custody, etc. to
seek sole custody and try the amended rule without giving Ashley notice of the
amendment, all of which was prejudicial to her. Even if Ashley attended the trial,
she would not have been prepared to defend Daniel's claims. Additionally, when
ruling on Ashley's motions, the trial court gave no consideration to her actions
before not attending the trial or that she relied on an attorney's expert opinion
based on his personal experience of representing parties in family law matters
before the trial court. Moreover, the trial court determined Daniel's testimony and
text messages served as adequate notice to Ashley that matters other than divorce
would be tried at that time. We find it contradictory to give no weight to a local

11

practicing attorney's advice but treat a text message by an adverse party in the litigation as adequate notice of the issues to be tried at a trial. More importantly, we find these conclusions gave no consideration to the prejudicial impact they had on Ashley who was unrepresented when the trial occurred. For these reasons, we hold Ashley did not have adequate notice of the August 24, 2022 trial proceedings, and the trial court erred in denying Ashley's motion for new trial.

In reaching this conclusion, we are mindful that unrepresented parties are generally "allotted more latitude than [parties] represented by counsel because they lack formal training in the law and its . . . rules of procedure." *Bankston v. Alexandria Neurosurgical Clinic*, 94-693, p. 4 (La.App. 3 Cir. 12/7/94), 659 So.2d 507, 510. Nonetheless, when a party chooses to represent himself, he "assumes the responsibility of familiarizing himself with applicable procedural and substantive law. His failure to do so does not give him any greater rights than a litigant represented by an attorney." *Harrison v. McNeese State Univ.*, 93-288 (La.App. 3 Cir. 3/23/94), 635 So.2d 318, 320, *writ denied*, 94-1047 (La. 6/17/94), 638 So.2d 1099. *See also, Murray v. Town of Mansura*, 06-355 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, *writ denied*, 06-2949 (La. 2/16/07), 949 So.2d 419, *cert. denied*, 552 U.S. 915, 128 S.Ct. 270 (2007). Under the facts herein, our holding would be the same if Ashley was represented by counsel.

**DISPOSITION**

For the reasons discussed, Ashley Hoffpauir's appeal of the trial court's denial of her motion for new trial is converted to an application for supervisory writ; the writ is granted. The judgment of the trial court denying Ashley Hoffpauir's motion for new trial is reversed; the matter is remanded for a new trial on Daniel Hoffpauir's rule to modify custody and child support, for an injunction,

12

and order for mental health and anger management.  Costs to be assessed at the conclusion of this litigation.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; REVERSED; AND REMANDED.**