LABORDE, Judge.
Defendant Derwin Paul Davy is plaintiff Juanita Soileau Davy’s former husband. Defendant appeals from a district court judgment awarding plaintiff $155.29 per month alimony. We find no error. We affirm.
A judgment of divorce between the parties was rendered on November 10, 1982. This judgment awarded plaintiff Juanita Davy custody of the parties’ two minor children, $300 per month child support per child (for a total of $600 child support per month), and $278.40 per month alimony. The parties have been back in court several times over the issues of alimony and child support. On March 9, 1984, the trial judge reduced child support to $299 per month per child, and he reduced alimony to $155.29 per month. It is this latest judgment that is before this court on appeal.
Defendant perfected this appeal. He contests the alimony award only. Defendant contends that the trial judge did not properly interpret Louisiana Civil Code article 160 in setting the alimony amount. Defendant claims that the trial judge erred by not assigning the proper weight to plaintiff’s failure to seek employment and thus contribute to her own support. Defendant seeks a termination of alimony.
When we review a trial judge’s decision in a case such as the present, we must make three determinations, under three different standards of appellate review. First, we must determine whether the trial judge correctly applied the proper legal standard or standards. We do not defer to the discretion or judgment of the trial judge on issues of law. Second, we must examine the trial judge’s findings of fact. We will not overturn the trial judge’s factual determinations unless, in light of the record taken as a whole, they are manifestly erroneous (or clearly wrong). Third, we must examine the propriety of the alimony award. If it is within legal limits and based on facts supported by the record, we will not alter the amount of the award in the absence of an abuse of the trial judge’s great discretion to set such awards.
Louisiana Civil Code article 160 provides the legal standards that govern alimony after divorce. That article provides, in pertinent part:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income....

In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; and any other circumstances that the court deems relevant.

In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.

Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.”
La.Civ.Code art. 160(A) (emphasis added).
The trial judge found that a reduction in alimony from $278.40 to $155.29 was *483 warranted under the facts of this case, in light of the relevant provisions of article 160. The trial judge noted that defendant, who works in the oil industry, has experienced a significant decrease in income because of the decline in that industry. Further, the judge found that defendant and his second wife and family have faced increasing financial obligations. Plaintiff has neither obtained nor sought employment. However, she has a limited education and must care for two minor children, one of which is not yet old enough to attend school.
The trial judge weighed the factors, and concluded that a reduction in alimony was warranted. He noted that defendant is “struggling to support two families.” The judge set alimony at $155.29 per month, which is the amount of the monthly note on the family home in which plaintiff is living. The judge ruled that this alimony “will terminate upon the sale of the home.” The trial judge recognized plaintiffs obligation to use her earning capacity, albeit limited, to support herself, and he also recognized the effect of her custody of the parties’ children (particularly the youngest child) on her ability to work. The judge noted that, in light of defendant’s limited income, “[i]f either wife wishes to live better, they will simply have to go to work .... ”
The trial judge correctly applied the considerations of article 160 to factual determinations that are supported by the record. Further, the amount and terms of alimony set by the trial judge do not represent an abuse of his discretion.
For the above reasons, the judgment of the trial court is affirmed, at defendant-appellant Derwin Paul Davy’s cost.
AFFIRMED.