STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DAWN ELIZABETH KENT COLLINS

VERSUS

GEOFFREY JAMES COLLINS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-4883
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Brent B. Boxill**
**8714 Jefferson Highway., Suite B**
**Baton Rouge, LA   70809**
**(225) 923-1055**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Dawn Elizabeth Kent Collins**

**Billy E. Loftin, Jr.**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, LA   70601**
**(337) 310-4300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Geoffrey James Collins**

**AMY, Judge.**

The plaintiff filed this action seeking a divorce from the defendant. The plaintiff eventually sought a change in custody of the parties' two minor children and permission to relocate and, after a lengthy trial on those issues, the trial court awarded domiciliary status to the plaintiff but denied her request to relocate. Thereafter, the defendant filed a motion for reduction in child support, alleging a change of circumstances. The hearing officer recommended a reduction in child support and, after the plaintiff failed to object to the hearing officer's recommendations, the recommendation became an order of the court. The plaintiff now appeals. For the following reasons, we affirm.

### Factual and Procedural Background

According to the record, the plaintiff, Dawn Elizabeth Kent Collins, was married to the defendant, Geoffrey James Collins. The parties have two minor children together. Ms. Collins filed a petition for divorce in 2004 and the record indicates that a judgment granting the divorce was entered in 2005. The parties initially entered into a joint custody agreement. As part of that agreement, Dr. Collins agreed to pay $3,250.00 per month in child support, in addition to the children's insurance and private school tuition. However, after Ms. Collins remarried, she filed a motion for change of custody and permission to relocate from Lake Charles to Baton Rouge. After a lengthy trial, the trial court awarded the parties joint custody and granted Ms. Collins domiciliary status. The trial court also denied Ms. Collins' request for permission to relocate to Baton Rouge.

Thereafter, Dr. Collins filed a motion to reduce child support, contending that Ms. Collins was now employed and that the changed circumstances warranted a reduction in child support. A hearing officer conference was scheduled. The order scheduling the hearing officer conference directed the parties to provide, among other

items, income and expense declarations and the last two years of state and federal income tax returns. The order also directed that,

> If a party is self-employed or employed by a closely held business entity in which the party has an ownership interest, that party shall be required to submit to the Court business and personal tax returns for the previous two (2) years, check registers, bank statements and canceled checks for their personal and business accounts and their business credit card statements for the previous twelve (12) months.

According to Ms. Collins, Dr. Collins is a member of a closely-held medical practice and should have provided the relevant documents at the hearing officer conference. The hearing officer's recommendations from the initial hearing officer conference indicate that Dr. Collins had concerns about submitting the medical practice's tax documents because of his partners in the business. Therefore, Ms. Collins requested a hearing with the trial court on that issue. After a pre-trial conference, the trial court held that income and expense affidavits would not be necessary and that Dr. Collins would be required to provide two years of personal income tax returns, verified by his accountant, and two years of internal income statements from the medical practice. The trial court stated:

> And after reviewing those [documents], if there is a need still or there is belief to be a need by Ms. Collins for anything beyond that, you know, the business, then we'll have to file a rule for that, and I will address that. But to me, it looks pretty detailed, so we will go with that order first.

A subsequent hearing officer conference was held and the hearing officer recommended that Dr. Collins' child support obligation be reduced to $1,418.00 per month, plus the children's insurance and private school tuition. There is nothing in the record indicating that Ms. Collins filed an objection to the hearing officer's recommendation. Accordingly, the hearing officer's recommendation became an order of the court.

Ms. Collins now appeals, asserting as error that:

1.  The Trial Court erred by establishing child support by a mere extrapolation from the guidelines rather than following R.S. 9:315.13 and in failing to consider the needs and lifestyle of the children in calculating support.

2.  The Trial Court erred by ordering that the parties not submit income and expense declarations in accordance with the local rules and in ordering that Geoffrey Collins did not have to provide business tax returns and other financial information from a closely held entity from which he derived substantially all of his income.

## Discussion

*Income and Expense Documentation*

Ms. Collins contends that the trial court erred in failing to require both parties to submit income and expense declarations and in not requiring Dr. Collins to provide documentation from his medical practice other than two years of internal profit and loss statements. According to Ms. Collins, the documentation provided was insufficient because it does not show whether money which may have been distributable as earnings were retained for capital investment.

Louisiana Revised Statutes 9:315.2(A) states that:

> Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.

"Documentation is essential to the setting of child support." *Bonnecarrere v. Bonnecarrere*, 09-1647, p. 11 (La.App. 1 Cir. 4/14/10), 37 So.3d 1038, 1047, *writ denied*, 10-1639 (La. 8/11/10), 42 So.3d 381. Remand is necessary where there is insufficient information and documentation in the record to make a child support recommendation under the guidelines. *Id.* However, remand is not required if some of the required documentation is lacking but there is sufficient other evidence in the record for the trial court to have determined the parties' gross monthly earnings and to render a child support award in accordance with the guidelines. *Id. See also State v. Reed*, 44,119 (La.App. 2 Cir. 1/4/09), 5 So.3d 269, *writ denied*, 09-379 (La. 4/3/09), 6 So.3d 777; *Hosch v. Hosch*, 96-258 (La.App. 4 Cir. 11/27/96), 684 So.2d 541. C*ompare with Harris v. Harris*, 07-966 (La.App. 4 Cir. 2/20/08), 976 So.2d 347.

The record indicates that Dr. Collins submitted his personal tax returns for 2009 and 2010, including a W-2 for 2009. Dr. Collins also submitted detailed internal profit and loss statements from the medical clinic for 2009 and 2010. Ms. Collins submitted her W-2 for 2010. Neither party contends that Ms. Collins' W-2 is an inaccurate statement of her earnings. On the shared obligation worksheet, the hearing officer noted that Dr. Collins' income in 2010 was $458,774.00 and that Ms. Collins' income was $213,169.41. Based on those figures, the hearing officer calculated Dr. Collins' monthly gross income at $38,231.00 and Ms. Collins' monthly gross income as $17,764.00. Given that determination, our review of the record reveals that there is sufficient evidence in the record for the trial court to have determined the parties' gross monthly earnings.

Ms. Collins also complains that Dr. Collins' failure to provide, among other documentation, his business tax returns, check registers, bank statements for personal and business accounts, and business credit card statements is a violation of the local rules of court. However, we note that "'[l]ocal rules of court are intended solely to aid

4

in the orderly and efficient conduct of litigation and are not to be construed so literally as to defeat their intended purpose .... the trial court has great discretion in the construction, interpretation, application or enforcement of its own rules.'" *Trahan v. State ex rel. Dept. of Health & Hosp.*, 04-743, p. 7 (La.App. 3 Cir. 11/10/04), 886 So.2d 1245, 1251 (quoting *Miller v. Miller*, 35,934, pp. 8-9 (La.App. 2 Cir. 5/8/02), 817 So.2d 1166, 1172, *writ denied*, 02-1890 (La. 10/25/02), 827 So.2d 1154 (citation omitted)). Further, it is within the trial court's discretion to dispense with the strict application of local rules when they are unnecessary to the resolution of a dispute. *Regions Bank v. Cabinet Works, L.L.C.*, 11-748 (La.App. 5 Cir. 4/10/12), 92 So.3d 945. As there was sufficient information in the record for the trial court to make a determination as to the parties' gross monthly income, as required by La.R.S. 9:315.2, we find no abuse of discretion in the trial court's interpretation and application of the local rules.

This assignment of error is without merit.

*Calculation of Child Support*

Ms. Collins also contends that the trial court erred in reducing Dr. Collins' child support payment from $3,250.00 per month to $1,418.00 per month. Specifically, Ms. Collins contends that, because the parties' gross monthly income is "off the chart," the trial court erred in extrapolating the child support award from the guidelines and in not considering the needs and lifestyle of the children.

The amount of child support is determined by the guidelines delineated in La.R.S. 9:315—9:315.20. Pursuant to La.R.S. 9:315.13(B),

> If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.19, the court:
>
> (1) Shall use its discretion in setting the amount of the basic child support obligation in accordance with the best interest of the child and the circumstances of each parent as provided in Civil Code Article 141,

but in no event shall it be less than the highest amount set forth in the schedule[.]

The trial court's determination of child support will not be disturbed absent an abuse of discretion. *Falterman v. Falterman*, 97-192 (La.App. 3 Cir. 10/8/97), 702 So.2d 781. In making that determination, the trial court "strives to maintain the lifestyle of the child, when possible, while considering the child's reasonably proven expenses and the parent's ability to provide." *Id.* at 783. The first circuit has held that an award based on extrapolation from the guidelines is not an abuse of discretion. *See Colvin v. Colvin*, 94-2143 (La.App. 1 Cir. 10/6/95), 671 So.2d 444, *writ denied*, 95-2653 (La. 1/5/96), 667 So.2d 522. However, this court has determined that "simply extrapolating from the guidelines without concern and discretion by the court in balancing the needs and lifestyle of the child or children, could lead to excessive child support awards." *Preis v. Preis*, 93-569, p. 12, (La.App. 3 Cir. 2/2/94), 631 So.2d 1349, 1356, *abrogated on other grounds by Stogner v. Stogner*, 98-3044 (La. 7/7/99), 739 So.2d 762. *See also Weinstein v. Weinstein*, 10-1083 (La.App. 3 Cir. 4/13/11), 62 So.3d 878; *Falterman*, 702 So.2d 781. Further, there must be some evidentiary proof of the child's needs, although the trial court is not constrained to award that amount. *Falterman*, 702 So.2d 781 (citing *Hector v. Raymond*, 96-972 (La.App. 3 Cir. 4/2/97), 692 So.2d 1284, *writ denied*, 97-1134 (La. 6/13/97), 695 So.2d 978).

In his motion for a reduction in child support, Dr. Collins alleges that there was a change in circumstances because Ms. Collins had been unemployed at the time of the initial child support stipulation and had obtained employment since then. Ms. Collins does not dispute this allegation or that there was a change in circumstances. The hearing officer's recommendation and a shared obligation worksheet are included as part of the record. The hearing officer determined that Dr. Collins' child support obligation was $3,597.00 and that Ms. Collins' child support obligation was

6

$2,179.00. Accordingly, applying the calculations provided in La.R.S. 9:315.9 and subtracting Ms. Collins' child support obligation from Dr. Collins' child support obligation,[1] the hearing officer recommended that Dr. Collins pay Ms. Collins $1,418.00 in child support. The shared obligation worksheet also indicates that Dr. Collins is responsible for $300.00 in health insurance premiums for the children and for $1,232.00 in "other extraordinary expenses."[2]

Ms. Collins relies on *Preis*, 631 So.2d 1349, for the proposition that the trial court erred in determining child support where the parties' income is greater than that listed in the guidelines and there is no evidence concerning the current needs of the Collinses' two sons. However, although the record is slim concerning the hearing officer conference, the shared obligation worksheet indicates that information concerning the children's private school tuition and health insurance premiums was available to the hearing officer. Further, the trial court conducted a lengthy custody hearing several months before Dr. Collins filed his motion to reduce child support. The trial court issued fifty-nine pages of written reasons in making a custody determination. Accordingly, the record shows that the trial court was well aware of the minor children's lifestyle and current needs.[3]

---

[1] Louisiana Revised Statutes 9:315.9(A)(7) provides that "[t]he parent owing the greater amount of child support shall owe to the other parent the difference between the two amounts as a child support obligation. The amount owed shall not be higher than the amount which that parent would have owed if he or she were a domiciliary parent."

[2] The hearing officer's recommendation states "Dad paying $300.00 insurance and private school tuition as shown in worksheet."

[3] We note that in *Preis*, 631 So.2d 1349, this court rejected the defendant's contention that the trial court could have relied on its earlier hearings in determining the current needs of the minor children. However, in that case, during the previous hearings, the children's ages ranged from 12 to 16. At the time of the motion to reduce child support, one of the children had reached the age of majority. The *Preis* court also observed that there was no assumption in law that the needs of the children were equal.

In this case, the custody hearing was conducted several months before the motion to reduce child support was filed. Further, the motion to reduce child support is not based on the assertion that one of the children has reached the age of majority.

The abuse of discretion standard is highly deferential to the trial court's determination of an award of child support. *See Dejoie v. Guidry*, 10-1542 (La.App. 4 Cir. 7/13/11), 71 So.3d 1111. As required by La.R.S. 9:315.13(B)(1), the trial court's award is not lower than the highest amount found in La.R.S. 9:315.19.[4] Considering both of the parties' respective incomes, as well as the evidence concerning the children's private school tuition and health insurance premiums, an award of $1,418.00 is not an abuse of discretion.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment reducing Geoffrey Kent Collins' child support obligation. Costs of this appeal are allocated to the plaintiff, Dawn Elizabeth Kent Collins.

**AFFIRMED.**

---

[4] Pursuant to La.R.S. 9:315.19, the highest base child support obligation for two children is $3,742.00. The hearing officer determined that Dr. Collins' share of the base child support obligation was $3,597.00 and Ms. Collins' share was $2,179.00.

8