# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 13-450

TERRY BARRON

VERSUS

DAVID BARRON

**\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NO. 243,131 Div. "G"
## HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

Susan Ford Fiser
Post Office Box 12424
1630 Metro Drive
Alexandria, Louisiana 71315-2424
(318) 442-8899
COUNSEL FOR PLAINTIFF/APPELLEE:
     Terry Barron

**Richard E. Lee**
**810 Main Street**
**Pineville, Louisiana 71360**
**(318) 448-1391**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **David Barron**

**GENOVESE, Judge.**

Defendant, David Barron, appeals the trial court's judgment awarding his former spouse, Plaintiff, Terry Barron, $1,500.00 per month in final periodic spousal support. For the following reasons, we affirm in part, reverse in part, and render.

## FACTS AND PROCEDURAL HISTORY

Terry Barron and David Barron were married on January 7, 1977. After thirty-four years of marriage, the parties separated. Terry filed for divorce on November 18, 2011, and later filed a rule for final periodic support. Pursuant to a consent judgment, Terry was awarded the exclusive use of the family home and was ordered to pay the note on same. On August 6, 2012, the parties were divorced. A hearing was held on the issues of fault and final periodic support sought by Terry.

In Written Reasons for Judgment dated January 24, 2013, the trial court found Terry free from fault and awarded her $1,500.00 per month in final periodic support. David appeals that judgment only as to the issue of support.

## ASSIGNMENTS OF ERROR

On appeal, David contends that "[t]he [t]rial [c]ourt committed legal error when [it] awarded [Terry] final spousal support in excess of 1/3 of [his] net monthly income." Additionally, David asserts that "[t]he [t]rial [c]ourt committed manifest error when it awarded [Terry] $1,500.00 a month final spousal support when the record (P-2) clearly shows that the income of [Terry] exceeds her monthly expenditures by $301.05."

## LAW AND DISCUSSION

The standard of review applicable in reviewing an award of final support is "three-tiered." *Baggett v. Baggett*, 96-453, p. 4 (La.App. 3 Cir. 4/23/97), 693 So.2d 264, 266.

First, we must determine whether the trial judge correctly applied the proper legal standard or standards. We do not defer to the discretion or judgment of the trial judge on issues of law. Second, we must examine the trial judge's findings of fact. We will not overturn the trial judge's factual determinations unless, in light of the record taken as a whole, they are manifestly erroneous (or clearly wrong). Third, we must examine the propriety of the alimony[, i.e., final support,] award. If it is within legal limits and based on facts supported by the record, we will not alter the amount of the award in the absence of an abuse of the trial judge's great discretion to set such awards.

*Davy v. Davy*, 469 So.2d 481, 482 (La.App. 3 Cir.1985) (parenthetical in original).

*Wiley v. Wiley*, 10-1306, p. 3 (La.App. 3 Cir. 3/9/11), 58 So.3d 1104, 1106-07.

Louisiana Civil Code Article 111 states that the trial court may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of the divorce. Relative to final periodic support, La.Civ.Code art. 112 provides as follows:

A. When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.

B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:

(1) The income and means of the parties, including the liquidity of such means.

(2) The financial obligations of the parties.

(3) The earning capacity of the parties.

(4) The effect of custody of children upon a party's earning capacity.

(5) The time necessary for the claimant to acquire appropriate education, training, or employment.

(6) The health and age of the parties.

2

(7) The duration of the marriage.

(8) The tax consequences to either or both parties.

C. The sum awarded under this Article shall not exceed one-third of the obligor's net income.

In this case, the trial court stated that it "consider[ed] factors 1, 2, 3, 7[,] and 8 as relevant factors in determining the final support award" and ultimately awarded Terry final periodic support in the amount of $1,500.00. Additionally, the trial court acknowledged that the $1,500.00 award of final periodic support exceeded one-third of David's net income, contrary to La.Civ.Code art. 112(C), and explained its ruling as follows:

> In the present case, the [c]ourt finds the following circumstances relevant in awarding Ms. Barron spousal support that exceeds the statutory limit: First, Mr. Barron lives in a home that he does not pay rent or has a mortgage on, while Ms. Barron is paying the entire mortgage on the martial [sic] home. Second, the Barron's daughter and her husband, both of whom are adults and both of whom do not have any debilitating illness or infirmity rendering them incapable of working, live in his home. While the [c]ourt is unsure if the daughter or son-in-law contributes to the household, the [c]ourt assumes they do not as it was not brought up at trial nor evidenced in his expense sheet. Further, Mr. Barron lists as his car expense a total amount of $766.99, which seems a bit high to this [c]ourt.

> While the [c]ourt notes that it has exceeded the amount to be awarded, it feels justified in awarding such amount to Ms. Barron, as it has been evidenced through affidavits and testimony that she is the only party paying the community debts, is in need because of those debts, and Mr. Barron is in such a position to and has the ability to pay.

On appeal, David argues that the trial court erred in awarding Terry $1,500.00 in final periodic support since her purported deficit as computed on her income and expense affidavit was actually substantially less, considering "the mortgage on the home was fully paid by September of 2012 and did not exist when the Written Reasons were handed down January 24, 2013[.]" We agree, but only

3

to the extent that the trial court failed to consider the impending pay-off of this indebtedness on the home in its calculation.

Terry's monthly income and expense affidavit prepared on August 6, 2012, and made part of the note of evidence in this case, includes the house note of $1,009.06 as a monthly expenditure. However, a July 13, 2012 statement from the mortgagor reflects a total principal balance on the mortgage of $2,817.07 and an escrow balance of $1,762.48. In her affidavit, Terry admits and contends that she pays the monthly mortgage on the house of $1,009.06. Therefore, the evidence in the record establishes that the mortgage on the home had to have been paid off months before the trial court issued written reasons in this case.

The trial court failed to consider and/or address the minimal balance and impending pay-off of the indebtedness on the home. Though that issue was not specifically litigated, that factor is critical to an accurate mathematical determination of final periodic support in this case and is readily gleaned from the record of these proceedings. Louisiana Code of Civil Procedure Article 2164 mandates that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

For these reasons, we find the award of final periodic support based upon and reflecting the $1,009.06 monthly house note payment by Terry as an expense to her to be manifestly erroneous, and we reverse same. Pursuant to La.Civ.Code art. 112 (C), and based on the evidence presented, we find no manifest error in the trial court's award of final periodic support to Terry, but find that said final periodic support may not exceed one-third of David's net income, which amount, according to the trial court's Written Reasons for Judgment, was fixed at $1,060.00.

**DECREE**

For the reasons assigned, we affirm the trial court's award of final periodic support in favor of Terry Barron; we reverse the judgment of the trial court awarding her final periodic support in the amount of $1,500.00 per month; and, we render judgment herein ordering David Barron to pay final periodic support to Terry Barron in the amount of $1,060.00, effective September 1, 2012. The costs of this appeal are assessed equally among the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**